## Rosina A. Gottmanshausen v. Peter Wolfing et al.

### Gen. No. 12,537.

1. REBUTTAL—*not ground for reversal to permit evidence of sanity to be offered in.* While irregular, it is not ground for reversal to permit the proponents of a will to offer evidence in rebuttal as to the sanity of the testatrix.

2. SANITY—*when exclusion of evidence pertaining to question of, not ground for reversal.* Where the evidence excluded was as to the mental condition of the testatrix at a time remote from the date of the execution of the will, a reversal will not follow.

3. INSTRUCTIONS—*when errors in, will not reverse.* Errors in instructions which do not relate to the only controverted question in the case, will not reverse.

Bill to contest will. Appeal from the Circuit Court of Cook County; the Hon. JOHN L. HEALY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1904. Affirmed. Opinion filed June 26, 1906.

**Statement by the Court.** December 13, 1894, Maria Christina Wolfing executed her last will and testament, disposing of an estate of the then value of about $30,000. She had six children, one of whom was the appellant. By her will she gave to two of her sons and to one daughter each a legacy of $4,000, to another son a legacy of $2,000, and to his son a legacy of $2,000. To one son and to appellant she gave no legacy. The remainder of her estate she gave to all her children in equal shares. She died March 25, 1902.

April 25, 1902, the will was admitted to probate and May 28, 1902, appellant filed the bill in this cause to set aside the will, upon the grounds: (1) that the signature to said instrument was not the genuine signature of said testatrix, and was not signed by any one for her by her direction and in her presence; (2) that said instrument was not signed, executed and acknowledged in accordance with the provisions of the Statute of Wills; (3) that said testatrix was not of sound mind and memory at the time of the execution of said instrument; and (4) that said testatrix was

induced to execute said instrument by undue influence, misrepresentation and force used by her sons Frank and Frederick August Wolfing.

The defendants by their answers denied the allegations of the bill. There was a verdict in favor of the will and a decree in accordance with the verdict, from which the complainant prosecutes this appeal.

JAMES A. BRADY, for appellant.

GOLDZIER, RODGERS & FROEHLICH, for appellees.

MR. JUSTICE BAKER delivered the opinion of the court.

In the brief of appellant it is said that the contested issues before the jury were: "whether or not Mrs. Wolfing was sane or insane at the time of the execution of the will, whether she understood said will, and whether or not she made the will under undue influence." There is in the bill no averment that the testatrix did not understand the contents of the will. Its due execution was proved, and such proof is *prima facie* evidence that the testatrix understood its contents. Todd v. Todd, 221 Ill.410.

No evidence was given for the complainant tending to show that the testatrix did not understand the contents of the will when she signed it. Nor did the complainant offer any evidence even tending to support the allegation of the bill that the testatrix made the will under undue influence. The only issue upon which the complainant offered any evidence to overcome the *prima facie* case in favor of the will made by the testimony of one surviving subscribing witness and the proof of the signatures of the other three subscribing witnesses to the will, was the issue as to the testamentary capacity of the testatrix, and this issue was, therefore, the only "controverted issue before the jury."

Upon this issue the great preponderance of the evidence is that the testatrix was at the time she made the will of sound mind and memory, and the contention that the verdict was against the evidence cannot be sustained.

Gottmanshausen v. Wolfing.

The defendants put in evidence in chief, the will, called as a witness the surviving attesting witness, who testified to the due execution of the will and that the testatrix was at that time of sound mind and memory, and defendants then called another witness and proved the signatures of the three other attesting witnesses, who had died before the trial, and rested. The complainant put in her evidence, and the court then, over the objection of complainant, permitted the defendants, in rebuttal, to call a large number of witnesses, who testified to the sanity of the testatrix.

In Slinghoff v. Brunen, 174 Ill. 561, evidence as to the testamentary capacity was given in rebuttal and it was held that such evidence should have been given in chief, but it was said, p. 567: "Whilst it was improper to offer it as evidence in rebuttal, still that fact, of itself, is not reversible error. (Craig v. Southard, 148 Ill. 37.)"

Complaint is made of the refusal of the court to permit the witness Lavinta Schelf to answer the following question: "Q. Did you form an opinion from what you saw of Mrs. Wolfing after December 24, 1894, as to her condition of mind?" If it be conceded that the question should have been answered, still we do not think the decree should be reversed because of the ruling of the court. The witness testified that she had known Mrs. Wolfing since before 1840; that Charles Wolfing, a son of Mrs. Wolfing, died in October 1894; that she saw no change in Mrs. Wolfing until a year after her son's death; that after the death of Charles Wolfing she saw his mother about once a year; that when she saw her a year after the death of her son Charles, the witness thought that Mrs. Wolfing knew what she was doing. Mrs. Wolfing was about sixty-seven years old when the will was executed and seventy-four or seventy-five when she died. The witness was permitted to testify as to what she saw and heard on the occasion of her calls on Mrs. Wolfing, and we cannot think that her opinion as to Mrs. Wolfing's mental condition some time after the execution of the will would have affected the verdict of the jury.

In Todd v. Todd, *supra*, the testator suffered a stroke of paralysis after the making of his will and evidence of his mental condition after he suffered such stroke was given, and in the opinion it was said, p. 414: "It is only legitimate to show the condition of the testator after a will has been executed when the evidence will tend to show his condition at that time, and in this case the subsequent condition appears to have arisen from a new cause which was not in operation when the will was executed."

The question to which the objection was sustained called for the opinion of the witness as to the mental condition of Mrs. Wolfing up to the last time the witness saw her, probably six or seven years after the making of the will. She testified that she noticed no change in Mrs. Wolfing until a considerable time after the death of her son Charles. Mrs. Wolfing was then nearly seventy years old and the changes in her mental condition at that time may have been due to her advanced years, and proof of such condition at that age or between that age and seventy-four or five is not entitled to great weight in deciding upon her mental condition at a previous date.

Complaint is made of certain instructions given for the defendants. None of the instructions complained of relate to the question of the testamentary capacity of Mrs. Wolfing, which was, as has been said, the only controverted question submitted to the jury. If the instructions complained of were not accurate, they were not harmful to the complainant.

Finding no reversible error in the record, the decree of the Circuit Court will be affirmed.

*Affirmed.*